Andrew W. SIEGEL, Appellant,

v.

AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellee.

No. 20628.

United States Court of Appeals
Fifth Circuit.

May 5, 1964.

---

* Of the D. C. Circuit, sitting by designation.

Frank J. D'Amico, New Orleans, La., for appellant.

James H. Drury, Felicien Lozes, Drury, Lozes, Dodge & Friend, New Orleans, La., for appellee.

Before CAMERON * and BELL, Circuit Judges, and INGRAHAM, District Judge.

PER CURIAM.

This appeal is from a judgment entered on a jury verdict adverse to the plaintiff in a negligence action against appellee, the liability insurance carrier of Dr. Harold E. Faget. It was alleged that Dr. Faget was negligent in performing a dental operation on appellant.

The errors assigned are based on claims that the Trial Court improperly allowed counsel for the appellee to state the applicable law to the jury in his opening statement, and that the Trial Court prejudiced appellant's case during the course of the trial by asking improper questions, making improper statements, and by undue interference with his counsel. It is also asserted that the Trial Court erred in failing to charge on *res ipsa loquitur*, and in having charged on the doctrine of unavoidable accident.

The record demonstrates that the first of these errors is utterly devoid of merit. This is likewise true as to the second assignment. The trial judge, rather than abusing his discretion, was performing his role, indeed his duty, of maintaining orderly procedure in the trial, and of effecting clarification where indicated. Cf. Theriot v. Mercer, 5 Cir., 1959, 262 F.2d 754.

The court properly followed the holding of Meyer v. St. Paul Mercury Indemnity Co., La.App.1952, 61 So.2d 901, affirmed on other grounds, La.Sup. Ct.1954, 215 La. 618, 73 So.2d 781, in refusing to charge on *res ipsa loquitur*. The charge given on unavoidable accident was adjusted to the theory of the defense, and the proof relative thereto. The doctrine has been recognized in Louisiana since the case of New Orleans & Northeastern Railway Company v. McEvers and Murray, 1897, 49 La.Ann. 1184, 22 So. 675.

Appellant lost his case to a jury after a fair trial. No prejudicial error appearing, it follows that the judgment appealed from must be, and it is affirmed.